PER CURIAM.
Pursuant to article V, section 15, Florida Constitution, we review the disciplinary proceedings against Christopher R. Fertig.
The Bar brought charges against Fertig in 1988, following his 1986 plea of nolo contendere to violations of Florida’s Racketeer Influenced and Corrupt Organizations (RICO) act. Adjudication of guilt was withheld. The gist of the charges was that he helped a law partner and a client launder money for a drug-smuggling scheme. A referee recommended that Fertig be found guilty of violating two provisions of the former Integration Rule: rule 11.-02(3)(a), for committing an act contrary to honesty, justice, or good morals, and rule 11.02(3)(b), for committing a felony. Mitigating these violations, the referee found, was Fertig’s cooperation with authorities and his having “turn[ed] his life around since he committed these illegal acts.” The referee recommended that Fertig be suspended from the practice of law for twelve months with no proof of rehabilitation required.
*1214 The Board of Governors of the Florida Bar reviewed the referee’s report and approved all but the proposed sanction. Because of the amount of time since the illegal acts occurred (the conspiracy ran from 1978 to 1983) and because the referee found Fertig to be rehabilitated, the Bar petitions this Court for a ninety-day suspension. Fertig cross-petitions, arguing that a public reprimand is appropriate. Neither side disputes the recommendations of guilt.
Fertig now tries to characterize his participation as minor and his plea to the charges as coerced, but the record does not support these conclusions. Rather, it shows that Fertig knowingly broke the law, and that he was at times compensated for this illegal activity.[1]
On the other hand, there is much in mitigation. When the misconduct occurred, Fertig was relatively new in the practice of law. There is no evidence that he ever imported drugs into the United States, and it is possible that initially his involvement in the money-laundering scheme may have been unknowing. He was under the domination of his employer, James A. Dolan, who was a knowing participant in the crime. As the referee and the Bar noted, Fertig cooperated with investigators and has been rehabilitated. The acts for which he was charged occurred between 1978 and 1983, and his disciplinary record was spotless before and since that time: Further, a number of character witnesses appeared at Fertig’s hearing and testified to his honesty, his abilities as a lawyer, and his remorse. Of particular significance is the fact that Dolan received only a ninety-day suspension.[2] The Florida Bar v. Dolan, 452 So.2d 563 (Fla.1984).
We agree with the Bar that Fertig must be suspended. Indeed, were it not for the significant mitigation, Fertig’s misconduct would warrant more severe discipline. We accept the Bar’s recommendation of a ninety-day suspension.
Christopher R. Fertig is suspended from the practice of law for ninety days. This suspension will become effective on December 18, 1989, thereby giving Fertig thirty days to take the necessary steps to protect his clients. He shall accept no new business after the date of this opinion. Costs are assessed against Fertig in the amount of $2,003.01, for which sum let execution issue.
It is so ordered.
OVERTON, McDonald, SHAW and BARKETT, JJ., concur.
GRIMES, J., dissents with an opinion, in which EHRLICH, C.J., and KOGAN, J., concur.

. In a statement given to investigators he told how he and other couriers were allowed to keep the "overage" — that is, any money Gerald Smith, the owner of the funds, did not know about. According to Fertig, Smith only knew approximate amounts in round numbers. If Smith thought 510,000 was being sent to an offshore bank and the actual amount was 110,400 the courier would keep 5400.

. Smith was Dolan’s client, though Fertig did do some civil work for Smith. It was Dolan who told Fertig to transport the money out of the country, according to Fertig. Dolan was never charged, due to his having received immunity in return for his testimony against Smith.